## 10078

### RILEY v. LEWIS *ET AL.*

#### (96 S. E. 613.)

DEEDS—CONSTRUCTION—GRANTEES.—A deed to a husband and wife "and the present or future issue of their bodies, exclusive of all other persons," executed when each had children by a former marriage, but no child by each other, and where their after-born children died, included their children living at its execution.

Before SEASE, J., Barnwell, Fall term, 1917. Affirmed.

Action for partition by Emily R. Riley and another, by W. T. Riley, their guardian *ad litem,* and others, against Janie C. Lewis and another. Decree for plaintiffs, and defendants appeal.

*Messrs. Carter & Carter,* for appellants, cite: *As to the standing of a child "en ventre sa mere:"* 18 S. C. 47; 16 Am. E. E. L., 2d Ed., p. 258; Tiedeman on Real Property, sec. 481; Tiffany on Real Property, vol. I, p. 293; 29 Am. Eng. E. Law, 2d Ed., p. 93. *As to the substitution of the word "and" for the word "or:"* 64 S. C. 220-221; 4 S. C. 84.

*Mr. J. Henry Johnson,* for respondents, cites: *As to questions of fact found by the master and concurred in by the trial Judge:* 103 S. C. 307; 88 S. E. 354; 101 S. C. 362; 85 S. E. 900. *As to the meaning of the word "issue" in the deed:* 91 S. C. 300; 74 S. E. 375. *Whatever children were intended to be included within the terms of the instrument*

*took as tenants in common with their parents:* 102 S. C. 7; 86 S. E. 211 at 214; 64 S. C. 216; 41 S. E. 899. *The intention of the parties to a deed must be gathered, if possible, from the language used:* 93 S. C. 397; 76 S. E. 1091. *Ordinary words must be taken in their ordinary sense:* 28 S. C. 545; 6 S. E. 558. *All the words of an instrument must be considered and given some force, if possible:* 30 S. C. 188; 9 S. E. 19 at 21; 39 S. C. 271; 17 S. E. 773; 47 S. C. 288; 25 S. E. 165 at 168; 2 Bl. Comm. 241. *Where two clauses in a deed are incompatible or contradictory, so that one or the other must fall, the first will be sustained and the latter rejected:* 79 S. C. 166; 60 S. E. 445; 36 S. C. 295; 15 S. E. 202; 48 S. C. 341; 26 S. E. 663; Harper (16 S. C. L.) 492; 4 McC. (15 S. C. L.) 198. *This rule does not prevail, however, where this room for construction, or where reconcilement is possible:* 13 Cyc. 619. *And some meaning should be given to every clause, word or expression if it can reasonably be done, and is not inconsistent with the general intent of the whole instrument:* 13 Cyc. 605; 30 S. C. 188; 9 S. E. 19-21; 5 Rich. 189. *As to the word "or" being construed to mean "and:"* 23 S. C. 455; 1 Brev. 248; 1 Spear 240; 7 Rich. Eq. 425; 28 S. C. Reprint 152.

August 31, 1918.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

The action is for partition, and the appeal makes two questions:

1. The master and Circuit Court both concluded that a sale ought to be had in lieu of partition in kind; and exception has been made to that. We find no ground upon which we ought to disturb that conclusion, and we shall not.

2. The second question involves the application of the words of a deed to the circumstances of the case. The deed was made to Roberts and Celia, then man and wife, "and

the present or future issue of their bodies, exclusive of all other persons." At the execution of the deed Roberts had children by a former wife, and Celia had children by a former husband; but they had then no child by each other. Sixteen days after the execution of the deed Celia bore a child, and later on another; but both of these died, and Roberts and Celia are dead. The question is, Did the words of the deed before quoted include the children Roberts had at its making, and the children Celia had at its making? The master concluded that they did not; the Circuit Court held that they did. We are of the opinion the Court is right. The appellant recognizes the force of the word "present" in the disputed clause; and to escape that, it is urged the grantor had in mind the unborn child of Celia, and spoke of it as present because of the right of such child to inherit. We think that construction of the word is strained. It is more likely the grantor meant present to refer to those children of Roberts and those children of Celia alive when the deed was made, and meant further to include that child of the two about to be born.

The decree of the Circuit Court is affirmed.